The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



Dated: April 15 2020

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 19-33757 |
| | ) | |
| Richard Burroughs, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | Judge John. P. Gustafson |

### ORDER DENYING MOTION TO EXTEND TIME

This case came before the court for hearing on April 10, 2020 on Creditor Carey Poverello Federal Credit Union's Motion to Extend Time to File Reaffirmation Agreement ("Motion"). [Doc. #18]. Debtor Richard Burroughs' Order of Discharge was entered on March 20, 2020 [Doc. #17]. One day later, Creditor filed its Motion, requesting that the court enlarge the time for filing reaffirmation agreements. [Doc. #18]. The Motion indicated that the contemplated reaffirmation agreement had not yet been fully executed.

At the April 10th hearing, Debtor, Debtor's counsel, and Creditor's counsel appeared by phone. The parties confirmed that the contemplated reaffirmation agreement had not been executed before Debtor's discharge was entered. The court subsequently informed the parties that, because the contemplated reaffirmation agreement was not "made" prior to entry of Debtor's discharge, the court would deny the Motion because enlarging the time to file an untimely executed reaffirmation agreement would not cure the agreement's timeliness defect. The court further

stated that it would follow the practice of bankruptcy courts in this jurisdiction and decline to vacate the discharge to cure the reaffirmation agreement timeliness defect because neither the Bankruptcy Code nor the Federal Rules provide a legal basis for doing so. *See*, *In re McNeal*, 2013 WL 5494322, 2013 Bankr. LEXIS 4156 (Bankr. N.D. Ohio October 2, 2013); *In re Smith*, 2015 WL 3455356 (Bankr. N.D. Ohio May 28, 2015); *In re Willis*, 2015 Bankr. LEXIS 867 (Bankr. N.D. Ohio March 19, 2015); *In re Smith*, 2012 WL 441322, 2012 Bankr. LEXIS 547 (Bankr. N.D. Ohio February 10, 2012); *In re Smith*, 467 B.R. 122 (Bankr. W.D. Mich. 2012).

**IT IS THEREFORE ORDERED** that Creditor's Motion to Extend Time to File Reaffirmation Agreement [Doc. #17] be, and hereby is, **DENIED**.